UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

RODNEY LYNN WHITTINGTON-
SADDLER and PENELOPE MELEBECK,
aka PENELOPE SADDLER,

Case No. DL 16-05439
Hon. Scott W. Dales
Chapter 13

          Debtors.

_____/

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

Christopher Pfeifer, the grantee under a post-petition quit claim deed from chapter 13 debtor Penelope Melebeck, filed a Motion to Approve Sale of Real Property Pursuant to 11 U.S.C. § 363(b) (ECF No. 48, the "Motion"), using the negative notice procedure of LBR 9013(c). After the time for response had passed without objection, Mr. Pfeifer filed a certificate of no objection and a proposed order. The court reviewed the Motion and the docket generally, and held a telephone hearing on September 17, 2018. The Debtors appeared personally and through counsel at the hearing; Mr. Pfeifer and the chapter 13 trustee also appeared through their respective counsel.

During the hearing, the court expressed concern about Mr. Pfeifer's reliance on § 363(b) for several reasons. First, in a chapter 13 case, § 363(b) only authorizes the debtor, or debtors in a joint case, to file a motion for authority to sell property of the estate. *See* 11 U.S.C. §§ 1303 & 363(b). Mr. Pfeifer is not a debtor in this case. Second, even assuming, *arguendo*, that Mr. Pfeifer has standing to move under § 363(b), he filed the Motion after the sale had taken effect, effectively seeking relief *nunc pro tunc* (or "now for then") relying on the court's equitable authority to grant relief after the fact.

*Nunc pro tunc* relief is only allowed in "extraordinary" or "unusual" circumstances. *In re Grand Valley Sport & Marine, Inc.*, 140 B.R. 840, 850 (Bankr. W.D. Mich. 1992) (declining to approve unauthorized post-petition financing *nunc pro tunc* but recognizing court's equitable

power to grant such relief).[1]   In other words, it is always better to ask a bankruptcy court for permission rather than forgiveness.  Nevertheless, *nunc pro tunc* relief is available if the equities strongly favor the moving party and there is no prejudice to interested parties.  *Id.*, 140 B.R. at 852.  In addition, and paraphrasing *Grand Valley Sport & Marine*, the court must (i) be confident it would have authorized the transaction if a timely application had been made; (ii) be satisfied that creditors are not harmed by the transaction; and (iii) find that the parties honestly believed they had the authority to enter into the transaction.  *Id.*, 140 B.R. at 850-51.

Here, the transaction that Mr. Pfeifer asks the court to approve is the transfer that occurred on May 2, 2018, when chapter 13 debtor Penelope Melebeck quit claimed her interest in certain real property to him for $1,000.00.  The real estate at issue in the Motion is the property (the "Property") commonly known as 4585 Sycamore Street, Holt, Michigan, and formally described as follows:

> THE WEST 90 FEET OF THAT PART OF THE EAST ½ OF THE NORTHEAST ¼ OF SECTION 22, TOWN 3 NORTH, RANGE 2 WEST, TOWNSHIP OF DELHI, INGHAM COUNTY MICHIGAN. DESCRIBED AS: BEGINNING AT A POINT OF THE SOUTH LINE OF SYCAMORE STREET 760 FEET WEST OF THE EAST LINE OF SAID SECTION 22, THENCE WEST 200 FEET, THENCE SOUTH 158.06 FEET, THENCE EAST 200 FEET, THENCE NORTH 158.06 FEET TO THE PLACE OF BEGINNING.

*See* Motion at ¶ 4 and Proposed Order.  As set forth in the Motion, the first lienholder foreclosed on the Property on May 3, 2018, and Mr. Pfeifer evidently intends to redeem the Property from the foreclosure.  He apparently intends to satisfy the junior lien that will be revived upon redemption.  *Id.* at ¶ 8.

By the time of the May 2, 2018 quit claim deed, however, the court had confirmed the Debtors' chapter 13 plan, under which they proposed to surrender the Property to lienholders.  *See* Original Chapter 13 Plan (ECF No. 4, the "Plan") at § III.C.4 (regarding surrender of collateral). In addition, the Plan revested the Property in Ms. Melebeck at confirmation, subject to her obligation to surrender it, but also provided that "[d]uring the term of this Plan, the Debtor(s) shall not without Court approval . . . dispose of any real property . . ." *See id.* at § IV.B (revesting of estate property) and § IV.C (prohibiting post-confirmation disposal of real property without permission).

Construing the Plan, when Ms. Melebeck delivered the quit claim deed to Mr. Pfeifer, the Property promised no benefit to any creditors (other than those with liens encumbering it) and it was no longer included within the bankruptcy estate.  For that reason, § 363(b), which addresses

---

[1] In unpublished decisions, the court has extended the *nunc pro tunc* analysis in *Grand Valley Sport & Marine* beyond the context of post-petition financing, to cases involving post-petition sales.

sale or use of "property of the estate," did not apply to the Property, and still does not apply. But, notwithstanding the surrender and revesting provisions, the Plan also prohibited the Debtors from disposing of any real property without court permission, and therefore required Ms. Melebeck to obtain court approval before delivering the quit claim deed to Mr. Pfeifer in May.

During the hearing, after the court expressed its view that Mr. Pfeifer lacks standing under § 363(b) (for the reasons just given), both Debtors expressed support for the Motion and their attorney offered to make a formal motion on their behalf for similar relief. Although frustrated with the several missteps of counsel and the parties, and reluctant to encourage unauthorized post-petition transfers by using equitable powers to bless them after the fact, the court will not require a formal motion from the Debtors under the circumstances. Instead, the court will treat the situation as if the Debtors, by expressing support for the Motion during the hearing, had moved under § IV.C of the Plan to approve the disposal of the Property, *nunc pro tunc*, by quit claim deed to Mr. Pfeifer.

In reaching this decision, the court has considered the *Grand Valley Sport & Marine* factors governing *nunc pro tunc* relief and finds as follows. According to the statements of the trustee's counsel, no creditors or other interested parties will be harmed by approving the quit claim deed, because the court had previously approved the surrender of the Property when it confirmed the Plan. The two lienholders are protected by applicable non-bankruptcy law governing post-foreclosure redemption, and the unsecured creditors are protected through a recent plan amendment requiring the Debtors to account for the money they received from Mr. Pfeifer.

As for the equities, they favor Mr. Pfeifer who was plausibly unaware that the Debtors were involved a chapter 13 case when he paid them $1,000.00 for the quit claim deed. Similarly, if the court does not approve the transfer (and thereby jeopardizes the redemption rights he acquired by virtue of the quit claim deed), he may forfeit the money he paid the Debtors and the time and other value he otherwise invested in the Property. Continuing with the *Grand Valley Sport & Marine* factors, the court clearly would have authorized the quit claim transfer under § IV.C of the Plan (had the request been timely made), the creditors are not harmed, and it seems reasonably clear that no one understood, despite the availability of legal counsel, that court approval of the sale would be required during the term of the Plan. *See generally Grand Valley Sport & Marine*, 140 B.R. at 850-52.

For the foregoing reasons, the court will authorize the transfer effected by the quit claim deed, *nunc pro tunc*, to May 2, 2018.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED to the extent provided herein and the transfer effected by the quit claim deed is AUTHORIZED as of May 2, 2018.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Rodney Lynn Whittington-Saddler and Penelope Melebeck, Scott Marshall Neuman, Esq., Mr. Christopher Pfeifer, Barbara P. Foley, Esq., Gene Turnwald, Esq., and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 17, 2018**



Scott W. Dales
United States Bankruptcy Judge